UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 09-343-KSF

DAVID DAILEY AND
ALISA DAILEY                                                                                         PLAINTIFF

v.

HOFFMAN/NEW YORKER, INC.                                                                DEFENDANT

and                                               **OPINION & ORDER**

HOFFMAN/NEW YORKER, INC.                                             THIRD PARTY PLAINTIFF

v.

CINTAS CORPORATION NO. 2 and
CINTAS MANUFACTURING, LLC                                        THIRD PARTY DEFENDANTS

\* \* \* \* \* \* \* \* \*

This matter is before the Court upon the motion [DE #16] of the defendant, Hoffman/New Yorker, Inc. ("Hoffman/New Yorker"), for summary judgment against the plaintiffs, David and Alisa Dailey, pursuant to Rule 56 of the Federal Rules of Civil Procedure. This matter is fully briefed and is ripe for review. For the reasons set forth below, Hoffman/New Yorker's motion for summary judgment will be granted.

I.      FACTUAL AND PROCEDURAL BACKGROUND

The Plaintiffs filed this products liability action in Bath Circuit Court on September 14, 2009 [DE #1]. Hoffman/New Yorker subsequently removed the action to this Court on the basis of diversity jurisdiction, 28 U.S.C. §§ 1332, 1441, and 1446. The Plaintiffs' Complaint alleges that

Hoffman/New Yorker was the designer, manufacturer, distributer and seller of a pressing machine and replacement parts sold to David Dailey's employer, Cintas Corporation/Bath Manufacturing ("Cintas"). The Plaintiffs contend that David Dailey was injured on his job at Bath Manufacturing when the pressing machine malfunctioned and the lid closed on his hands. The Plaintiffs assert claims for negligent design and manufacture of the press and replacement parts, strict product liability, breach of express and implied warranties, failure to warn, and loss of consortium.

On December 15, 2009, the Court entered its Scheduling Order [DE #6], as amended on January 11, 2011 [DE #9], setting forth relevant deadlines. Included within the Amended Scheduling Order was the expert disclosure deadline of June 16, 2010 and the discovery deadline of September 15, 2010. In order with this schedule, Hoffman/New Yorker named John Dehler as an expert witness The Plaintiffs, however, did not name any expert witness.

On November 7, 2011, the Court granted Hoffman/New Yorker's motion for leave to file a Third Party Complaint against Cintas. [DE #18]. Hoffman/New Yorker alleges that it is entitled to common law indemnity from Cintas in the full amount of any judgment which may be rendered against Hoffman/New Yorker. Summons issued to Cintas on November 14, 2011 [DE #23].

II.   **HOFFMAN/NEW YORKER'S MOTION FOR SUMMARY JUDGMENT**

On October 13, 2011, Hoffman/New Yorker filed this motion for summary judgment. Essentially, there are two components to Hoffman/New Yorker's motion. First, Hoffman/New Yorker argues that it is entitled to summary judgment on the Plaintiffs' claims based on the design, manufacture, and sale of the original press machine because it was manufactured by Rheem, not Hoffman/New Yorker, and because the machine had been so substantially altered and poorly maintained that there can be no causal connection between the product and the injury. Second, Hoffman/New Yorker argues that the Plaintiffs have failed to identify any replacement parts for the

press machine that were designed, manufactured, or sold by Hoffman/New Yorker that caused or contributed to their injuries or damages. With respect to both the original press and the alleged replacement parts, Hoffman/New Yorker argues that the Plaintiffs' failure to come forward with any expert testimony identifying any defect in some part or product designed, manufactured and sold by Hoffman/New Yorker is fatal to their claim.

In support of its motion, Hoffman/New Yorker has tendered the expert report of John Dehler, who opines that Cintas made significant modifications or alterations to the machine which resulted in its dangerous condition. Importantly, he noted that Cintas had removed several safety features on the press machine. Mr. Dehler also noted several maintenance issues that could have contributed to the incident in question, including that fact that it had been maintained so poorly that simple vibrations absorbed by the machine's circuit board could cause the machine to begin its press cycle without any prompting by its operator [DE #16-2].

The Plaintiffs have responded to Hoffman/New Yorker's motion for summary judgment [DE #17]. The Plaintiffs contend that no expert witness is necessary because several lay witnesses will testify that Mr. Dailey was severely burned, and that there is simply no requirement that an expert be called in this case. Moreover, the Plaintiffs argue that they are not required to isolate the causes for injury; rather, they only must prove by a preponderance of the evidence that a defect caused by the Defendants was a substantial factor in causing the accident. They contend that this is especially true in this case where the press has been destroyed, replaced, or lost, thus spoiling the evidence before the Plaintiffs had an opportunity to inspect the press. Finally, the Plaintiffs argue that this motion for summary judgment is premature because the trier of fact should be able to determine Hoffman/New Yorker's role in the machine's failure after Cintas is added as a third party defendant.

### III.     SUMMARY JUDGMENT STANDARD

Rule 56(a) entitles a moving party to summary judgment if that party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(c)(1) further instructs that "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion" by citing to the record or "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." In deciding a motion for summary judgment, the court must view the evidence and draw all reasonable inferences in favor of the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The "moving party bears the burden of showing the absence of any genuine issues of material fact." *Sigler v. Am. Honda Motor Co.*, 532 F.3d 469, 483 (6th Cir. 2008). The moving party may meet this burden by demonstrating the absence of evidence concerning an essential element of the nonmovant's claim on which it will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has satisfied its burden, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co.*, 475 U.S. at 586, it must produce specific facts showing that a genuine issue remains. *Plant v. Morton Int'l, Inc.*, 212 F.3d 929, 934 (6th Cir. 2000). If, after reviewing the record in its entirety, a rational fact finder could not find for the nonmoving party, summary judgment should be granted. *Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 349 (6th Cir. 1998).

Moreover, the trial court is not required to "search the entire record to establish that it is bereft of a genuine issue of material fact." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989). Rather, "the nonmoving party has an affirmative duty to direct the court's attention to those specific portions of the record upon which it seeks to rely to create a genuine issue of

material fact." *In re Morris*, 260 F.3d 654, 665 (6th Cir. 2001). Finally, while Kentucky state law is applicable to this case pursuant to *Erie Railroad v. Thompkins*, 304 U.S. 64 (1938), a federal court in a diversity action applies the standards of Fed.R.Civ.P. 56, not Kentucky's summary judgment standard as expressed in *Steelvest Inc. v. Scansteel Serv. Ctr., Inc.*, 807 S.W.2d 476 (Ky. 1991). *Gafford v. Gen.Elec. Co.*, 997 F.2d 150, 165 (6th Cir. 1993).

IV.  **ANALYSIS**

Hoffman/New Yorker has satisfied its burden by showing an absence of evidence on all of the Plaintiffs' claims. There is no dispute that Hoffman/New Yorker neither designed, manufactured, distributed, nor sold the press machine at issue. It was manufactured by Rheem on January 6, 1989 and sold to Cintas on January 10, 1989 [DE #16-2 and 16-3]. Thus, Hoffman/New Yorker did not owe the Plaintiffs any duty with respect to the design, manufacture, and sale of the original press machine. While the Plaintiffs contend that Hoffman/New Yorker owns Rheem, Hoffman/New Yorker notes that it did not own Rheem at the time the subject press machine was built and sold to Bath Manufacturing.

Even if Hoffman/New Yorker did design, manufacture, and sale the original press, the Plaintiffs' claims fail under Kentucky law. Kentucky's Products Liability Act, KRS 411.320 provides as follows:

> a manufacturer shall be liable only for the personal injury, death or property damage that would have occurred if the product had been used in its original, unaltered and unmodified condition. For purposes of this section, product alteration or modification shall include failure to observe routine care and maintenance, but shall not include ordinary wear and tear. . . .

KRS 411.320. The Plaintiffs have come forward with no evidence to contradict Mr. Dehler's opinion that the press had been substantially altered and poorly maintained.

Finally, the Court agrees with Hoffman/New Yorker that expert testimony is necessary to support the Plaintiffs' claim that the a design or manufacturing defect in the press was more probably than not the cause of the accident. An industrial press is a technical piece of equipment and expert testimony is required not only to explain the various possible explanations for the accident, including any design and manufacturing defects, but also to opine about the probable cause of the accident. *See e.g. Gray v. General Motors Corp.*, 312 F.3d 240, 242 (6th Cir. 2002)(requiring expert testimony regarding alleged defects in seatbelt mechanism, and noting "Gray's shortcoming in this litigation is simply a failure to offer the proof necessary to establish the claims asserted . . the plaintiff's expert was unable to identify any "probable" defect in the seatbelt mechanism that cause the injury, as is required by Kentucky products liability law"). This Court has previously held that "'expert witnesses are generally necessary, indeed essential, in products liability cases, as they are in medical malpractice actions, to prove such matters as product defect and proximate causation, unless of course the nature of the defect and resultant injuries are so obvious to fall within the general knowledge of the ordinary person.'" *Watson v. Ford Motor Co.*, 2009 WL 5064316 at *1 (E.D.Ky. Dec. 15, 2009)(citing William S. Haynes, KENTUCKY JURISPRUDENCE: TORTS § 21-28 (1987). Here, however, the Plaintiffs' proof "establishes no more than possibilities or combinations of possibilities" with no expert able to pierce the "veil of speculation" that [the product] was defectively manufactured. *Texas v. Standard*, 536 S.W.2d 136, 138 (Ky. 1976). As a result, Hoffman/New Yorker is entitled to summary judgment on the Plaintiffs' claims for alleged design and manufacturing defects related to the original press.

The Plaintiffs have also failed to identify any evidence related to the allegedly defective replacement parts. There is simply no evidence as to which replacement parts were defective, how

they were defective, whether those parts were manufactured by Hoffman/New Yorker, or whether the alleged defective parts caused the Plaintiffs' injuries. It is not enough to merely state, in conclusory fashion, that "the Defendant supplied parts and equipment that were on the press machine in question that directly resulted in the machines failure to operate properly causing Plaintiff severe burns." [DE #17, p 2]. In order to establish liability upon a manufacturer for an allegedly defective product, it must be shown that the product is in a "defective condition unreasonably dangerous to the user or consumer." *Morales v. American Honda Motor Co.*, 151 F.3d 500, 506 (6th Cir. 1998)(quoting *Montgomery Elevator Co. v. McCullough*, 676 S.W.2d 776, 780 (Ky. 1984). Without any evidence, expert or otherwise, the Plaintiffs cannot proceed on their claims for alleged design and manufacturing defects related to the replacement parts.

Hoffman/New Yorker is also entitled to judgment on the Plaintiffs' claims for breach of warranty and failure to warn. In order to succeed on a breach of warranty claim, the Plaintiffs must come forward with some evidence that Hoffman/New Yorker sold a product to Cintas. The Plaintiffs have no evidence of such a sale, and thus an implied warranty claim cannot proceed. In order to proceed on their failure to warn claim, the Plaintiffs must come forward with some evidence that Hoffman/New Yorker knew or had reason to know that its product was likely to be dangerous, that it had no reason to expect the user to know the danger, and that it failed to exercise reasonable care to give an adequate warning. *Tipton v. Micheline Tire Co.*, 101 F.3d 1145, 1149-50 (6th Cir. 1996). The Plaintiffs, however, have not offered any proof that Hoffman/New Yorker was aware that the press machine, manufactured in 1989, was in a dangerous condition, or that it should have foreseen that the machine would injure an operator. Nor have the Plaintiffs identified what replacement product Hoffman/New Yorker made or sold that was in a defective condition. The

Plaintiffs simply have not come forward with any evidence in support of these claims. Accordingly, Hoffman/New Yorker is entitled to summary judgment on the Plaintiffs' breach of warranty and failure to warn claims.

In conclusion, Hoffman/New Yorker is entitled to summary judgment on all of the Plaintiffs' claims. Hoffman/New Yorker has offered evidence in the form of its expert's opinion that the accident resulted from substantial alterations to the press machine and poor maintenance. The Plaintiffs have failed to come forward with any evidence, other than conclusory statements in their response, which establishes a genuine issue of material fact. Thus, Hoffman/New Yorker's motion for summary judgment will be granted. In light of this ruling, Hoffman/New Yorker's Third Party Complaint against Cintas is now moot and will be dismissed.

## V. CONCLUSION

The Court, being fully and sufficiently advised, hereby **ORDERS** as follows:

(1) Hoffman/New Yorker's motion for summary judgment [DE #16] is **GRANTED**; and a judgment in favor of Hoffman/New Yorker will be entered contemporaneously;

(2) Hoffman/New Yorker's Third Party Complaint [DE #19] is **DISMISSED AS MOOT**;

(3) The Clerk is **DIRECTED** to **SERVE** a copy of this Opinion & Order on the Third Party Defendants at the address listed in the Summons; and

(4) this matter is **STRICKEN** from the active docket.

This November 17, 2011.



**Signed By:**

*Karl S. Forester* KSF

**United States Senior Judge**